**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **UNION PACIFIC RAILROAD CO.** | **CIVIL ACTION NO. 06-0860** |
| **VS.** | **JUDGE MINALDI** |
| **STINE LLC** | **MAGISTRATE JUDGE METHVIN** |
|     **Defendant/Counter-claimant** | |
| **STINE, INC.** | |

**RULING ON STINE LLC'S**
**MOTION FOR PARTIAL RECONSIDERATION**
*(Rec. Doc. 53)*

Before the court is defendant Stine LLC's motion for partial reconsideration of a minute entry entered by the district judge on March 21, 2009. The portion of the minute entry requested to be reconsidered is the court's statement that this case has been referred, by consent of the parties, to the undersigned magistrate judge for all proceedings, including entry of judgment.[1] Stine contends that the parties did not consent to the exercise of jurisdiction by a magistrate judge, and seeks re-assignment to the district court for all further proceedings.

---

[1] The Minute Entry (Rec. Doc. 53) states:

> This minute entry shall serve as clarification that the undersigned lacks jurisdiction to resolve this case. On October 10, 2006, this case was referred to "the United States Magistrate Judge for all further proceedings and entry of judgment" pursuant to 28 U.S.C. § 636(c) [doc. 10]. This case was subsequently stayed and eventually reassigned. It was erroneously reassigned back to the undersigned, when the newly-assigned Magistrate Judge should have been assigned as the presiding judge. Because this case was referred pursuant to 28 U.S.C. § 636(c),
>
> The May 11, 2009 trial date before this Court is hereby UPSET;
>
> The Clerk of Court is hereby ORDERED to transfer all dispositive motions that were erroneously assigned to the undersigned Magistrate Judge Methvin for disposition.

Stine avers that the parties do not object to the portion of the minute entry upsetting the May 11, 2009 trial date.

As of this date, no opposition to the request for reconsideration has been filed, and the deadline for the filing of an opposition has expired.[2]

### *Issue Presented*

The sole issue is whether this case was properly referred to a magistrate judge pursuant to 28 U.S.C. §636(c). Stine contends that the parties did not file written consent forms, and that timely objections were filed to any implied consent in accordance with the deadlines entered by the court.

### *Facts Presented*

Union Pacific filed the complaint in this matter on May 23, 2006, and the case was assigned to District Judge Minaldi and Magistrate Judge Wilson. On August 22, 2006, a Scheduling Conference Order was entered which, among other things, directed the parties to complete an election form regarding exercise of jurisdiction by a magistrate judge. The parties were warned that a failure to return the form would be deemed a "consent in fact" to the exercise of such jurisdiction.[3]

---

[2] The Notice of Motion Setting dated April 9, provides, "[a]ny party who opposes the motion may file a memorandum in opposition within **fifteen (15) calendar days** from the date of this notice. . . OPPOSITION TO THE MOTION MUST BE TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED." (Id.). Thus, Union Pacific's opposition was due on or before April 24, 2009.

[3] The Scheduling Order directed the parties to:

> * * * 4) Discuss whether all are willing to consent to trial by the magistrate judge. Any party is free to not consent to the exercise of such jurisdiction by the magistrate judge without adverse substantive consequences. However, all parties shall indicate their election on the attached form and return it at least 20 days prior to the scheduling conference. . . . *Any party that fails to make an election and return the form . . . in a timely manner will be considered as having consented, in fact, to the magistrate's exercise of case-dispositive jurisdiction pursuant to 28 U.S.C. § 636(c).*

Rec. Doc. 9 (emphasis supplied, footnote omitted).

The parties filed neither a consent form nor any objection to the exercise of case-dispositive jurisdiction by the assigned magistrate. Accordingly, Judge Minaldi entered an order of reference on October 11, 2006, which stated:

> As it appears, either in writing or in fact, all parties have consented to a magistrate judge conducting any and all proceedings in this civil matter as authorized by 28 U.S.C. § 636(c);
>
> IT IS HEREBY ORDERED that the above-captioned matter is referred to the United States Magistrate Judge for all further proceedings and entry of judgment.[4]

A footnote to the order gave all parties a last opportunity to object to the reference:

> If any party, who has not consented in writing to the referral to the magistrate judge files a written objection to this order ***at least 5 days prior to the scheduling conference*** then this order will be vacated and the matter will be referred back to the district judge."[5]

Accordingly, objections to the reference were due no later that five days prior to the Scheduling Conference which was then set for November 16, 2006.[6] However, *more than five days prior to the conference*, on November 9, 2006, Magistrate Judge Wilson entered an order staying the case for six months, stating:

> The parties are attempting to amicably resolve their differences and are making progress. This matter is stayed for a period of six months from this date. At the end of that time, if this matter has not been amicably resolved, counsel shall initiate a telephone status conference with the undersigned."[7]

---

[4] Rec. Doc. 10.

[5] Rec. Doc. 10, fn 1 (emphasis supplied).

[6] The original date of the scheduling conference was October 16, but it was continued until November 16, 2006 by minute entry dated October 12, 2006. See Docket entry dated October 12, 2006, un-numbered.

[7] Rec. Doc. 12.

Magistrate Judge Wilson left the service of the court in December, 2007, and in January, 2008, in an apparent administrative error, the Clerk re-assigned the case to Judge Minaldi and the undersigned Magistrate Judge.

At the request of counsel, the undersigned entered an order lifting the stay on February 19, 2008. Two days later, on February 21, counsel for Stine filed a refusal to consent to the exercise of jurisdiction by a magistrate judge. Since the Scheduling Conference was not held until April 2, 2008, Stine's objection was received well before the deadline of "five days prior to the scheduling conference."

**Applicable Law**

Under 28 U.S.C. § 636(c)(1), "Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."

In Roell v. Withrow, 538 U.S. 580, 585 (2003), the United States Supreme Court held that consent can be inferred from a party's conduct during litigation. In that case, Michael Withrow, a Texas state prisoner, brought a civil rights suit against three members of the prison's medical staff, claiming they were deliberately indifferent to his medical needs in violation of the Eighth Amendment. During a hearing, the magistrate judge told the plaintiff that he could to choose to have her rather than the district judge preside over the case. The plaintiff consented orally (and later in writing); however, the defense lawyer standing in at the hearing deferred the defendants' decision to the lawyers assigned to the case. Defendants did not file consents; nonetheless, the case was referred by the district judge to the magistrate judge for all

proceedings. Counsel for one of the defendants subsequently signed a consent form, but two others did not. On several occasions, the magistrate judge noted that the parties had consented to her jurisdiction.

The case concluded in a jury verdict for the defendants. Withrow appealed, and the Fifth Circuit *sua sponte* remanded to the district court to determine whether the parties had consented to the jurisdiction of the magistrate judge. At that time, the two defendants who had not filed formal consents, did so. The district court, adopting the recommendation of the assigned magistrate judge, found that the two defendants in question had clearly implied their consent because they voluntarily participated in the proceedings without voicing objection when the magistrate judge stated she believed they had consented. However, the court concluded that under Fifth Circuit jurisprudence, consent cannot be implied, and that therefore the magistrate judge lacked jurisdiction to try the case, despite the post-judgment consent forms. The Fifth Circuit affirmed, and the Supreme Court granted certiorari.

On review, the Supreme Court reversed, finding that under the facts presented, consent under §636(c)(1) could be inferred. The Court found that counsel was made aware of the need for consent and the right to refuse it, and still appeared voluntarily to try the case to jury verdict before the magistrate judge, without objection. The court determined that defendants had clearly implied their consent under these facts.

### *Discussion*

The facts presented here can be distinguished from those in Roell. It is true that in the early stages of the litigation, Stine appeared to consent to the magistrate judge's dispositive jurisdiction by failing to return the consent form indicating "yea" or "nay," and then failing to

object to the district judge's referral order. However, in accordance with the court's own order, Stine had one more deadline to expressly state its intentions regarding consent jurisdiction. Stine complied with that deadline by filing, well before "5 days prior to the Scheduling Order," by filing a refusal to consent, and objection to the order of referral.

Unlike the facts of Roell, Stine has not conducted itself in a manner that would imply its consent to the magistrate judge's exercise of case-dispositive jurisdiction. Based upon the factds presented, the undersigned concludes that there has been neither an express or implied consent to the exercise of dispositive jurisdiction by a magistrate judge, and the case should be re-assigned to Judge Minaldi for all further proceedings.

**IT IS THEREFORE** ordered that the motion for partial reconsideration is **GRANTED**. The Clerk is directed to re-assign the matter, including all pending dispositive motions, to Judge Minaldi for all further proceedings.

Signed at Lafayette, Louisiana, on June 15, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)